McKinney, J.
delivered the opinion of the Court.
*192 The questions in this cause arise upon the construction of the will of Nimrod Jenkins, who died in Rutherford county, in August, 1837.
The fifth “item” of the will is as follows:
“I give all the balance of my land to my brother Hiram, during his natural life; and, at his death, my will is that all my lands be sold — except what I have given above to my two nephews — and the proceeds of said lands be equally ^ divided between all my brothers’ and sisters’ children.”
In the sixth “ item ” of the will, the testator directs his executors to sell, immediately, his house and lot in the town of Murfreesboro’, his negro man Dembo, and stock of horses, cattle, &c., “ and divide the money equally amongst my brothers’ and sisters’ children, as soon as possible.”
Hiram Jenkins, the devisee for life, under the fifth clause of the will, died in 1857.
At the [death of the testator, in 1837, twenty years prior to the falling in of the life estate, there were a large number of children of the brothers’ and sisters’ of the testator, residing, some in Tennessee, and others in four different States of the Union. Since then, other children of testator’s brothers’ and sisters’ have been born; and some who were then living, have died — some leaving issue, and others without issue.
The complainant, who is sole surviving executor of the will, brought this bill to obtain the direction of the Court, as to who are entitled to take the proceeds of the lands, under the fifth “item” of the will.
The Chancellor held, that the case must be governed by the rule laid down in Satterfield v. Mayes, 11 Hum. *193 58. It is attempted to exclude the present case from the rule in Satterfield’s case, by force of the provision of the sixth “ item ” of the will. By the latter clause, the fund thereby created, was to he divided, immediately on the death of the testator; and, of course, to such children of his brothers and sisters as were then in being. And as the same class of persons are the objects of the testator’s bounty, in the fifth as in the’ sixth clause, the intention is apparent, as the argument assumes, that the same persons who constituted the class, under the sixth clause, and in whom the interest vested under it, should take the remainder interest, under the fifth clause. The effect of which construction would he, that such of the “ children,” living at the death of the testator, as still survive, and the issue of such as have since died, would take the remainder interest under the fifth clause; but “children” horn of. brothers and sisters, since the testator’s death, would be excluded.
This construction cannot prevail. The rule governs both clauses alike. The fund created by each, vests in the described class, as a class, as it exists at the- time fixed for distribution of the fund.
There is nothing in any subsequent decision that militates with the rule in Satterfield’s case, as properly understood and applied.
Decree affirmed.